**BARRETT et al. v. LANDES.**
No. 6570.

United States District Court
W. D. Missouri, W. D.
Sept. 20, 1951.

See also, D.C., 11 F.R.D. 187.

Erwin O. Kunau, Donald E. Raymond, Kansas City, Mo., for plaintiff.

Harry Howard, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This is an action for the recovery of damages by tenants pursuant to the provisions of Section 1895, Title 50 U.S.C.A.Appendix.

It is substantially provided by said section that if any person demands, accepts or receives any payments of rent in excess of the maximum prescribed under Section 1894 of said Title 50 he "shall be liable to the person from whom he demands, accepts, or receives such payment * * * for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of * * * three times the amount by which the payment or payments demanded, accepted, or received, exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount". It is then provided that the amount of such liquidated damages shall be the amount of the overcharge only "if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation."

It was undisputed testimony that the complaining tenants occupied the premises as alleged in the complaint located at 3531 Locust Street, Kansas City, Jackson County, Missouri, and that such tenants paid the rentals as alleged in Counts I and II of the complaint save only that the tenants occupying apartments 1 and 2 only paid $23 per week instead of $23.10 as alleged in the first count of the complaint.

On April 4, 1950 the Area Rent Director issued an order reducing the rentals from the amount actually charged and made same retroactive and effective from the first day of July 1947. This antedated the occupancy of said premises by the complaining tenants, or, rather, it was concurrent only with the occupancy of the plaintiffs, Wanda Millsap and Grace Johnson.

The defendant was duly notified by the Area Rent Director of such order and was directed to refund to her tenants the amount of the overcharges. Moreover, demands were made by a part or all of the tenants for such refunds. The defendant disregarded the notice and has failed and neglected to make such refunds.

At the time the retroactive order was made the tenants had vacated the premises and had ceased to be the tenants of the defendant in her said property, as above

stated, located or known as 3531 Locust Street, Kansas City, Jackson County, Missouri.

 An examination of the statutes, including their interpretation by the court, together with the regulations prescribed by the Office of the Housing Expediter discloses that such an retroactive order was valid and that it became the duty of the landlord, the defendant in this case, to obey such order by making refunds as directed. Such was not done. The evidence showed that the defendant had frequent conferences with the officials of the Office of the Housing Expediter. A part of her defense is that the order was capriciously made. There is no evidence to support such a contention. Moreover, as indicated, under the authorities it was not only a lawful order but, since the defendant has failed to show a lack of willfulness or a mere failure to take practicable precautions the court has no alternative but to render a judgment for the amounts claimed except the ten cents per week of the rent in the sum of $23 in the first count of the petition.

Counsel for the plaintiffs will prepare an appropriate judgment or decree.